No. 17-2115

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

JENNA ZINGG,
*Plaintiff-Appellant,*

v.

THOMAS GROBLEWSKI and MASSACHUSETTS PARTNERSHIP FOR
CORRECTIONAL HEALTHCARE,
*Defendants-Appellees.*

Appeal from a Final Judgment of the
United States District Court for the District of Massachusetts

**REPLY BRIEF OF PLAINTIFF-APPELLANT JENNA ZINGG**

David Milton, 1st Circuit No. 125026
Howard Friedman, 1st Circuit No. 70615
Georgi Vogel Rosen, 1st Circuit No. 1182152
Law Offices of Howard Friedman, P.C.
90 Canal Street, 5th Floor
Boston, MA 02114-2022
(617) 742-4100

Dated: April 30, 2018

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

ARGUMENT ........................................................................................................ 1

    I.     The record shows more than mere negligence .......................................... 1

    II.    Dr. Groblewski's insistence that he was not Ms. Zingg's primary care provider supports a finding of deliberate indifference .................... 2

    III.   Defendants impermissibly rely on disputed facts and inferences in their favor to justify Dr. Groblewski's decision .......................................... 4

    IV.   MPCH is a party to this appeal ................................................................. 6

CONCLUSION ..................................................................................................... 7

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)(7)(C) .......................... 8

CERTIFICATE OF SERVICE ............................................................................. 9

# TABLE OF AUTHORITIES

## Cases

*Darrah v. Krisher*, 865 F.3d 361 (6th Cir. 2017) ............................................................. 3

*Farmer v. Brennan*, 511 U.S. 825 (1994) ........................................................................ 2

*Hathaway v. Coughlin*, 99 F.3d 550 (2d Cir. 1996) ........................................................ 1

*Leavitt v. Corr. Med. Servs.,* 645 F.3d 484 (1st Cir. 2011) ............................................. 2

*Miranda v. Munoz,* 770 F.2d 255 (1st Cir. 1985) ............................................................. 1

*Moore v. Duffy*, 255 F.3d 543 (8th Cir. 2001) ............................................................. 1-2

*Morris v. Livingston,* 739 F.3d 740 (5th Cir. 2014) ......................................................... 5

*Petties v. Carter*, 836 F.3d 722 (7th Cir. 2016) (en banc) ........................................... 1-2

# ARGUMENT

## I. The record shows more than mere negligence.

Viewing the facts in Plaintiff's favor, a jury could find that Dr. Groblewski's denial of systemic treatment in favor of a weak topical treatment fell so far outside acceptable medical standards as to constitute a knowing denial of care. Defendants admit that the record contains factual disputes about whether Dr. Groblewski's July 15 medication decision deviated from the standard of care. Brief of Defendants-Appellees ("Defs.' Br.") 33. These disputes go beyond differences of medical opinion about the choice of one treatment over another. According to Dr. Merola, there was no medical reason to believe that Dovonex would be effective to control Ms. Zingg's worsening condition, which included severe genital psoriasis. JA 365-66.

Medical malpractice and constitutional deliberate indifference are not mutually exclusive claims. As this Court and others have recognized, departures from the standard of care may be so egregious as to support a finding of deliberate indifference. *See, e.g., Miranda v. Munoz,* 770 F.2d 255, 259 (1st Cir. 1985) ("[T]he jury properly could find this to be a case of medical attention so inadequate that it represented 'deliberate indifference.'"); *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001) ("[M]edical treatment may so deviate from the applicable standard of care as to evidence a physician's deliberate indifference"); *Petties v. Carter,* 836 F.3d 722, 729 (7th Cir. 2016) (en banc)); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). "When a risk from a particular course of medical treatment (or lack thereof) is obvious enough,

1

a factfinder can infer that a prison official knew about it and disregarded it." *Petties*, 836 F.3d at 729; *see Farmer v. Brennan,* 511 U.S. 825, 842 (1994) ("[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."); *Leavitt v. Corr. Med. Servs.,* 645 F.3d 484, 498 (1st Cir. 2011) ("[T]he subjective deliberate indifference inquiry may overlap with the objective serious medical need determination.").

Such is the case here. According to Dr. Merola, it was obvious that a weak topical designed for mild psoriasis would fail and that systemic treatment was required. JA 365-66. In Dr. Merola's opinion, treating Ms. Zingg with Dovonex was directly at odds with accepted guidelines for treatment for psoriasis and psoriatic arthritis, and it lacked *any* medical justification. *Id.* at 418. Defendants' expert's contrary opinion does not reduce Dr. Merola's opinion to a mere disagreement with a particular course of treatment. *See Moore,* 255 F.3d at 545 (noting that medical experts' competing opinions may create issue of fact about deliberate indifference). Accepting Dr. Merola's conclusion, a jury could that find Dr. Groblewski effectively denied any treatment. JA 416.

## II. Dr. Groblewski's insistence that he was not Ms. Zingg's primary care provider supports a finding of deliberate indifference.

Dr. Groblewski's claim that he was not Ms. Zingg's primary care provider underscores the inappropriateness of disregarding her treating provider's judgment

2

that Humira was necessary.[1] Dr. Groblewski admits that "Ms. Zingg had been repeatedly examined by PA Casella" when she submitted the non-formulary request "with the operative findings from examination" [*sic*] on July 15. Defs.' Br. 28. Her findings included that Ms. Zingg's condition was worsening after several months of clobetasol and that she "needs to resume her Humira." Addendum to Brief of Plaintiff-Appellant 22. Dr. Groblewski trusted PA Casella's medical judgment. JA 409. He could not recall any other case in which he disagreed with this judgment. *Id.* A jury could find that he had no reason to disagree with her medical determination in Ms. Zingg's case, and that he overruled it for no valid reason.

Dr. Groblewski's insistence that he made his decision in his capacity as Statewide Medical Director does not reduce his culpability. As a medical doctor who had the sole authority to decide whether Ms. Zingg could receive a prescribed non-formulary medicine, he had an obligation to ensure that his decision was medically appropriate. JA 394; *see Darrah v. Krisher,* 865 F.3d 361, 372 (6th Cir. 2017) ("Although Dr. Krisher did not work directly at MCI or personally treat Darrah, his position on the Review Board [that must approve non-formulary prescriptions] made him responsible for ensuring that Darrah received effective treatment.").[2]

---

[1] Although MPCH's contract to provide medical care to DOC prisoners took effect on July 1, 2013, Dr. Groblewski's position did not change. He had been medical director of MPCH's predecessor since 2009. JA 322.

[2] Defendants fail to distinguish the section of *Darrah* Ms. Zingg relies on, which is the discussion of Dr. Krisher's liability, *id.* at 372-73, not that of the other defendants.

3

**III. Defendants impermissibly rely on disputed facts and inferences in their favor to justify Dr. Groblewski's decision.**

Defendants fail to view the record in the light most favorable to Ms. Zingg. Defendants rely on disputed facts to justify Dr. Groblewski's actions. These disputed issues of fact must be decided by a jury.

As discussed in Ms. Zingg's opening brief, Ms. Zingg disputes that Dr. Groblewski's denial of Humira in favor of Dovonex was consistent with PA Casella's recommendation, with MPCH internal protocols, or with nationally accepted medical standards. Brief of Plaintiff-Appellant ("Pl.'s Br.") 20-22.

Ms. Zingg disputes that her medical history shows that Humira had been ineffective to treat her genital and groin area. JA 388-89. Nor did Ms. Zingg have an infection that would have warranted withholding Humira. *Id.* at 391-92, 325-26. These disputed factors did not form part of Dr. Groblewski's decision anyway, since the only facts he knew were those in PA Casella's non-formulary request. *Id.* at 852.

Dr. Groblewski also did not know whether Ms. Zingg had tried methotrexate when he denied Humira. JA 852, 369. He did not consider or suggest it as an alternative to Humira. *Id.* at 369. Even in his answers to interrogatories, he did not claim her alleged failure to try methotrexate was one of the reasons he denied Humira.[3] *Id.*

---

[3] Dr. Groblewski did not have the clinical pharmacist's note to PA Casella stating Humira should be denied because Ms. Zingg had not tried methotrexate. JA 852, 369. Though incorrect and irrelevant to Dr. Groblewski's decision, the note undermines

Defendants dismiss the evidence of Dr. Groblewski's responsibility, as Statewide Medical Director, to control medication costs. JA 368-69. Viewed in Ms. Zingg's favor, these facts—along with PA Casella's comment to Ms. Zingg that Humira would not be approved because it cost $1,000 per shot (JA 857)—support an inference that Dr. Groblewski denied Humira for financial reasons not medical ones.[4] His eventual approval of Humira—after doctors at the Shattuck Hospital gave Ms. Zingg her initial dose—does not negate this inference. Defendants' arguments to the contrary are for a jury.

The fact that Dr. Groblewski and another, unnamed clinician prescribed biologic medications including Humira 70 times in 2013 says nothing about Dr. Groblewski's state of mind when he denied Humira to Ms. Zingg. There were approximately 10,500 prisoners in the DOC system. JA 382. There is no record of how many prescriptions for biologics Dr. Groblewski denied, or how many he many approved only after an initial unjustified denial. *Id.*

It is immaterial that Ms. Zingg did not appear at a June 6, 2013 medical appointment, which was unrelated to treatment for her psoriasis. Supplemental Joint Appendix 9. There is no record of why Ms. Zingg was not there. As a prisoner Ms.

---

his claim that the internal psoriasis protocol required Ms. Zingg to try another topical medication before escalating to a systemic treatment such as methotrexate.

[4] Defendants' reliance on *Morris v. Livingston,* 739 F.3d 740 (5th Cir. 2014), is misplaced. The permissible cost control in that case was an annual health services fee; the plaintiff did not allege he was denied medical care. *Id.* at 748. Withholding needed care for financial reasons is evidence of deliberate indifference. *See* Pl.'s Br. 24-25.

5

Zingg lacked control over her movements. Missing one appointment during a six-month detention does not suggest an inference against her, which in any event would be improper on summary judgment.

A jury could discredit PA Casella's testimony that she spoke to Dr. Groblewski about Ms. Zingg's treatment after he denied Humira, or the jury could believe they spoke but disbelieve her claims about what was said. JA 353-54 (explaining why this testimony is not credible). Viewed in Ms. Zingg's favor, the record shows that after denying Humira on July 15, Dr. Groblewski had no involvement in Ms. Zingg's care until August 8, when PA Casella asked for his help to get Ms. Zingg seen at the hospital. JA 351-54, 374. The medical attention Ms. Zingg received in the interim did not represent a "course of treatment" prescribed by Dr. Groblewski (Defs.' Br. 32), but an effort by others to alleviate the suffering he had caused.

## IV. MPCH is a party to this appeal.

Defendants' statement in a footnote that there is no appeal as to the entry of judgment for Defendant MPCH is incorrect. Defs.' Br. 3 n.5. Plaintiff has appealed from the entry of judgment for both Defendants, as indicated in the Notice of Appeal (JA 8) and in her brief on appeal. Pl.'s Br. 3 (stating issue presented for review is "Did the district court err by granting Defendants' motion for summary judgment…?"). Defendants admit this elsewhere in their brief, which is filed on behalf of both Defendants. Defs.' Br. 1 ("This is an appeal from the entry of final judgment for defendants, Dr. Thomas Groblewski, M.D. and the Massachusetts Partnership for

6

Correctional Health Care ("MPCH")…."); *id.* at 39 ("[T]he defendants … respectfully request that the judgment of the District Court be AFFIRMED."). Because Plaintiff's theory of liability against MPCH under § 1983 depends on a predicate finding that Dr. Groblewski violated her rights, the district court granted summary judgment to MPCH on the sole basis that no violation had occurred. Add. 19-20. Should this Court vacate the district court's judgment, the question of MPCH's liability will be ripe for decision on remand.

## CONCLUSION

For the foregoing reasons, Ms. Zingg respectfully requests that this Court reverse the district court's order granting summary judgment and remand the case for trial.

RESPECTFULLY SUBMITTED,
For the Plaintiff-Appellant,
By her attorneys,

/s/ David Milton
Howard Friedman, First Circuit No. 70615
David Milton, First Circuit No. 125026
Georgi Vogel Rosen, First Circuit No. 1182152
**Law Offices of Howard Friedman, PC**
90 Canal Street, Fifth Floor
Boston, MA 02114-2022
hfriedman@civil-rights-law.com
dmilton@civil-rights-law.com
gvogelrosen@civil-rights-law.com

## CERTIFICATE OF COMPLIANCE PURSUANT TO
## FED. R. APP. P. 32(a)(7)(C)

I, David Milton, as counsel for the Plaintiff-Appellant, Jenna Zingg, hereby certify, pursuant to Fed. R. App. P. 32(a)(7)(C), as follows:

(1) This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(ii) because this brief contains 1,739 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

(2) This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Garamond 14-point type.

Attorney for Plaintiff-Appellant,

/s/ David Milton
David Milton, First Circuit No. 125026
**Law Offices of Howard Friedman P.C.**
90 Canal Street, Fifth Floor
Boston, MA 02114-2022
617-742-4100
dmilton@civil-rights-law.com

Dated: April 30, 2018

**CERTIFICATE OF SERVICE**

I certify that on this day I caused the above document to be served upon the attorneys of record for Defendants-Appellees via Notice of Docket Activity generated by the Court's electronic filing system, to Tory A. Weigand, William J. Flanagan, and Curtis L.S. Carpenter, who all are ECF Filers and will receive service via their respective email addresses, which are tweigand@morrisonmahoney.com, jflanagan@morrisonmahoney.com, and ccarpenter@morrisonmahoney.com.

    Attorney for Plaintiff-Appellant,

    /s/ David Milton
    David Milton, First Circuit No. 125026
    **Law Offices of Howard Friedman P.C.**
    90 Canal Street, Fifth Floor
    Boston, MA 02114-2022
    617-742-4100
    dmilton@civil-rights-law.com

Dated: April 30, 2018